IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEBRA A. CHARLES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-201-SMY |
| | ) |
| **A-J NATIONAL BANK (ANNA-JONESBORO, IL), DAVID GOULD** (formerly AJNB President), **SCOTT WILSON** (AJNB President), **SCOTT E. WILKINS** (formerly AJNB President and FNBJ President, Anna-Jonesboro, IL), **DAN GRAHAM** (formerly FNBJ Vice President of Anna-Jonesboro, IL), **AMANDA BARNHART** (formerly AJNB Assistant Vice President), **FIRST STATE BANK OF OLMSTED, BRUCE MOSBY** (FSBO President), **STEVE WATERS** (FSBO Vice President), **LEE ESSEX** (FSBO Vice President), **FIRST STATE BANK OF DONGOLA (Dongola, IL),** and **NEAL NEEDHAM** (FSBD President). | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Debra A. Charles filed a *pro se* Amended Complaint against Defendants A-J National Bank (Anna-Jonesboro, IL), David Gould (formerly AJNB President), Scott Wilson (AJNB President), Scott E. Wilkins (formerly AJNB President and FNBJ President, Anna-Jonesboro, IL), Dan Graham (formerly FNBJ Vice President of Anna-Jonesboro, IL), Amanda Barnhart (formerly AJNB Assistant Vice President), First State Bank of Olmsted, Bruce Mosby (FSBO President), Steve Waters (FSBO Vice President), Lee Essex (FSBO Vice President), First State Bank of Dongola (Dongola, IL), and Neal Needham (FSBD President) (Doc. 8).

The case is now before the Court for consideration of three separate motions to dismiss filed by Defendants David Gould, Amanda Barnhart, Dan Graham, Scott Wilson and Scott E. Wilkins (Doc. 29), Defendant Anna-Jonesboro National Bank (Doc. 31), and Defendants First State Bank of Olmstead, Bruce Mosby, Steve Waters, and Lee Essex (Doc. 44). Plaintiff responded in opposition to the motions (Docs. 38-41, 50). For the following reasons, the motions to dismiss are **GRANTED**.

## Background

According to the Amended Complaint, Plaintiff and her now-deceased husband ran businesses and owned properties for which they signed the following promissory notes from 2003 to 2013:

> (1) "AJNB Note # 122255" which involved an alleged "expedited closing of 6-27-13" (Doc. 8, ¶ 13);
> (2) "AJNB note # 121309" that was allegedly filed "on 10-22-12" (Doc. 8, ¶ 32);
> (3) "Note # 119704" dated "9-29-11" (Doc. 8, ¶ 52);
> (4) "[N]ote # 31492 for $300,000 dated 12-30-03" (Doc. 8, ¶ 55);
> (5) "AJNB Note # 120142 for $170,075 dated 1-13-12" (Doc. 8, ¶ 56);
> (6) "AJNB Note # 120523 dated 4-25-12" (Doc. 8, ¶ 57);
> (7) "AJNB Note # 121053 dated 8-13-12" (Doc. 8, ¶ 58);
> (8) "AJNB Participatory Note # 96774" that is later referenced with date "7-9-09" (Doc. 8, ¶¶ 63, 67);
> (9) "Note #31482 release late on 7-12-13" (Doc. 8, ¶ 65).

Although it is difficult to decipher the Amended Complaint, Plaintiff generally claims fraud in the origination of the referenced promissory notes. She alleges that the banks which loaned money her and her husband for their businesses and properties did so improperly and also acted improperly with respect to the receivership or sale of Plaintiff's properties in 2018 and 2019 (Doc. 8, ¶¶ 92, 106-109).

## Discussion

Significantly, Plaintiff (and her now-deceased husband) filed for Chapter 11 Bankruptcy in 2014, listing many of the properties referenced in Plaintiff's Complaint.[1]  They submitted a Schedule B-Personal Property filing, which required them to identify "other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the Debtor, and rights to set off claims" (Doc. 30-2, p. 3).  In response, Plaintiff checked the column for "NONE" (Doc. 30-2, p. 3). During the pendency of the bankruptcy proceedings, Plaintiff did not amend the schedule or notify the bankruptcy trustee or judge about her claims against the defendants herein (Doc. 32-5).  The bankruptcy judge entered an Order of Discharge in January 2016 (Doc. 32-4), and the bankruptcy case was closed with the entry of a Final Decree in September 2017.

When Plaintiff filed for bankruptcy, her "legal or equitable interests" and property became assets of the bankruptcy estate.  11 U.S.C. § 541(a)(1).  "Legal or equitable interests" include legal claims that can be prosecuted for the benefit of the estate.  *Cable v. Ivy Tech State College*, 200 F.3d 467, 472-73 (7th Cir. 1999).  That is, any cause of action held by Plaintiff on the petition date became "'property' of the debtor and hence of the debtor's estate in bankruptcy." *In re Polis*, 217 F.3d 899, 902 (7th Cir. 2000).  Bankruptcy trustees hold the exclusive right to pursue pre-petition causes of action.  *Cable*, 200 F.3d at 472 ("in liquidation proceedings, *only* the trustee has standing to prosecute or defend a claim belonging to the estate") (emphasis in original).

A bankruptcy discharge does not revert standing to bring such causes of action to a plaintiff. While a trustee may "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate" under 11 U.S.C. § 554(a), an unscheduled asset

---

[1] The Court takes judicial notice of Plaintiff's bankruptcy filing, Federal Bankruptcy Case No. 14-40421-wva *In RE: Ronald L. Charles and Debra A. Charles*.  *Spaine v. Cmty. Contacts*, Inc., 756 F.3d 542, 545 (7th Cir. 2014) (permitting courts to take judicial notice of publicly available records of court proceedings).

is not abandoned by a trustee to a debtor when the case is closed. *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 618 (7th Cir. 2002). "Property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate." 11 U.S.C. § 554(a); *see also*, *Id.* Plaintiff's knowledge of such claims is irrelevant with respect to whether such claims remain part of the estate. *In re Polis*, 217 F.3d at 902.

Although Plaintiff allegedly had claims against the present defendants for fraud in the origination of her promissory notes between 2003 and 2013, she failed to disclose them in her bankruptcy filing and failed to amend her bankruptcy petition to include the claims in this lawsuit. The claims remained unscheduled, and the bankruptcy trustee did not abandon its claim to this lawsuit. 11 U.S.C. § 554(a). Consequently, Plaintiff has no standing to proceed on the claims asserted herein – they remain assets of the bankruptcy estate.

Moreover, at least some of Plaintiff's claims are time barred. Although "dismissing a complaint as untimely at the pleading stage is an unusual step," dismissal is appropriate "when the plaintiff pleads himself out of court by alleging facts sufficient to establish the tardiness of a complaint." *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009). Here, Plaintiff asserts claims sounding in common law fraud, accounting, fraudulent concealment, and breach of fiduciary duty arising from the origination of promissory notes. Under Illinois law, the longest statute of limitations applicable to these claims is five years: 735 ILCS 5/13-205 (five years statute of limitations for common law fraud); 735 ILCS 5/13-215 (five years for fraudulent concealment); 735 ILCS 5/13-205 (five years for fiduciary duty claims); 735 ILCS 5/13-205 (catch-all statute of limitations for "all civil actions not otherwise provided for"). The promissory notes Plaintiff complains of were issued between 2003 and 2013. As such, she had until 2018 or 2019 at the latest to bring this lawsuit which she filed in 2022.

For these reasons, Plaintiff's Amended Complaint must be dismissed. However, she will be given one last opportunity to amend her Complaint to state colorable claims (while most of Plaintiff's allegations involve claims that are time-barred or remain part of the bankruptcy estate, she also alleges post-bankruptcy conduct in 2018-2019 by Defendants regarding the receivership or sale of her former properties that may be actionable if pleaded properly).[2]

## Conclusion

Defendants' motions to dismiss (Docs. 29, 31, 44) are **GRANTED**; Plaintiff's Amended Complaint is **DISMISSED without prejudice**. Plaintiff is granted leave to file a Second Amended Complaint on or before August 18, 2022.[3]

**IT IS SO ORDERED.**

**DATED:  July 19, 2022**

**STACI M. YANDLE**
**United States District Judge**

---

[2] The Amended Complaint as drafted fails to meet pleading standards and does not adequately allege actionable conduct. Plaintiff's Amended Complaint is replete with confusing sentences like, "Exhibit L33 dated 6-27-13 lists AJNB Note #122255 balance as $3,672,649.70 and which does not match the 7-11-13 Exhibit Q balance which lists Note #1222255 (Ex L33) payout balance as $3,647,870.43" (Doc. 8, ¶ 30). It also includes, with little context, over 1,000 pages of exhibits regarding the numerous promissory notes and mortgages that Plaintiff alleges were unlawful. Dismissal pursuant to Rule 8(a) of the Federal Rules of Civil Procedure is appropriate when "a complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-776 (7th Cir. 1994).

Additionally, under *FRCP* 9(b), a party pleading fraud must also "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This "ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011). Plaintiff's Amended Complaint does not adequately plead the circumstances of the fraud, particularly how the Defendants' conduct was fraudulent. Instead, it merely repeats conclusory allegations such as, "Creation of fraudulent AJNB Promissory Note . . . blocked all Plaintiffs restructure ability" (Doc. 8, ¶ 59). Similarly, Plaintiff alleges, in conclusory fashion, collusion as evidenced by, "FSBO colluding with AJNB, fraudulently created multiples notes" (Doc. 8, ¶ 77). It is unclear what she claims was fraudulent about these notes (e.g., the sums, the dates), how Defendants defrauded her by using these notes, and what damages she suffered as a result of the allegedly fraudulent conduct. These pleading deficiencies must be corrected if Plaintiff chooses to file a Second Amended Complaint.

[3] If Plaintiff fails to file a Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief and failure to comply with a court order.