IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBRA A. CHARLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-CV-201-SMY |
| | ) |
| A-J NATIONAL BANK (ANNA-JONESBORO, IL), DAVID GOULD (formerly AJNB President), SCOTT WILSON (AJNB President), SCOTT E. WILKINS (formerly AJNB President and FNBJ President, Anna-Jonesboro, IL), DAN GRAHAM (formerly FNBJ Vice President of Anna-Jonesboro, IL), AMANDA BARNHART (formerly AJNB Assistant Vice President), FIRST STATE BANK OF OLMSTED, BRUCE MOSBY (FSBO President), STEVE WATERS (FSBO Vice President), LEE ESSEX (FSBO Vice President), FIRST STATE BANK OF DONGOLA (Dongola, IL), NEAL NEEDHAM (FSBD President), and JOHN R. SCHNEIDER (Attorney Johnson, Schneider & Ferrell), | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Debra A. Charles filed a *pro se* Second Amended Complaint against Defendants A-J National Bank (Anna-Jonesboro, IL), David Gould (formerly AJNB President), Scott Wilson (AJNB President), Scott E. Wilkins (formerly AJNB President and FNBJ President, Anna-Jonesboro, IL), Dan Graham (formerly FNBJ Vice President of Anna-Jonesboro, IL), Amanda Barnhart (formerly AJNB Assistant Vice President), First State Bank of Olmsted, Bruce Mosby (FSBO President), Steve Waters (FSBO Vice President), Lee Essex (FSBO Vice President), First

State Bank of Dongola (Dongola, IL), Neal Needham (FSBD President), and Attorney John R. Schneider, Johnson, Schneider & Ferrell (Doc. 56).

The case is now before the Court for consideration of motions to dismiss filed by Defendant First State Bank of Dongola (Doc. 61), Defendants David Gould, Amanda Barnhart, Dan Graham, Scott Wilson and Scott E. Wilkins (Doc. 65), Defendant Anna-Jonesboro National Bank (Doc. 67), and Defendants First State Bank of Olmstead, Bruce Mosby, Steve Waters, and Lee Essex (Doc. 72).  Plaintiff responded in opposition to the motions (Docs. 75-76, 78-79, 92), and also filed a motion for summary judgment and motion for recusal (Docs. 80-81).

During the pendency of the aforementioned motions, Plaintiff filed a motion seeking an extension of time to serve an additional defendant, the law firm of Johnson, Schneider & Ferrell (Doc. 84), a motion for court ordered summons and service on the same (Doc. 86), and a separate motion for a permanent restraining order/preliminary injunction (Doc. 87).  For the following reasons, the motions to dismiss are **GRANTED** and Plaintiff's various motions (Docs. 80, 81, 84, 86) are **TERMINATED as MOOT**.  Plaintiff's Motion for a Temporary Restraining Order (Doc. 87) is **DENIED**.

Before the defendants herein were served, Plaintiff filed an Amended Complaint alleging fraud with respect to the origination and servicing of various promissory notes (Doc. 8).  The Court dismissed the Amended Complaint without prejudice and advised Plaintiff as follows: "[Plaintiff] will be given one last opportunity to amend her Complaint to state colorable claims (while most of Plaintiff's allegations involve claims that are time-barred or remain part of the bankruptcy estate, she also alleges post-bankruptcy conduct in 2018-2019 by Defendants regarding the receivership or sale of her former properties that may be actionable if pleaded properly)" (Doc. 55).

Under Federal Rule of Civil Procedure 12(b)(6), Plaintiff must provide "a short and plain statement" showing that she is entitled to relief. Fed. R. Civ. P. 8(a)(2). Although a Complaint need not contain "detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Instead, Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

A Complaint fails to state a plausible claim "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009). Additionally, to the extent Plaintiff alleges fraud or mistake by Defendants, she "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

**The Second Amended Complaint**

In the Second Amended Complaint, Plaintiff attempts to assert certain claims by invoking criminal statutes: in Counts 1, 5, 7, and 9, she seeks damages for Defendants' alleged violation of 18 U.S.C. § 1344 (bank fraud); in Count 6, she seeks damages for Defendants' alleged violation of 18 U.S.C. § 1519 (destruction, alteration, or falsification of records in federal investigations and bankruptcy), and in Count 8, she alleges a conspiracy pursuant to 18 U.S.C. § 371. These claims are all subject to dismissal as no private right of action exists under these statutes.

The remainder of the Second Amended Complaint also fails to state plausible, cognizable claims, and is also subject to dismissal. Count 2 raises arguments regarding whether Plaintiff's bankruptcy filing preempted her causes of action. Plaintiff cites two bankruptcy statutes, 11 U.S.C. §§ 554(a) and 523(a)(2)(A), which do not confer a right of action, but rather set forth the circumstances under which discharges are granted. Count 3 references various statutes of limitation but fails to assert a cause of action. In Count 4, Plaintiff includes factual allegations that

attorney John R. Schneider committed a series of improprieties with her accounts, including bidding against Plaintiff's son on acres of estate property and preparing an improper warranty deed (Doc. 56, p. 17). However, she cites a number of criminal and civil statutes that do not confer a private cause of action. Finally, Count 10 includes additional arguments and improperly pleads criminal statutes (10 U.S.C. § 921 and 18 U.S.C. § 1503).

*Pro se* plaintiffs are afforded great deference, but this Court is not required to allow them to amend *ad nauseam* if doing so would be futile. *Bogie v. Rosenberg,* 705 F.3d 603, 608 (7th Cir. 2013). This Court has reached that conclusion given Plaintiff's failure/inability to heed its previous directives.

## Conclusion

For the foregoing reasons, Defendants' motions to dismiss (Docs. 61, 65, 67, 72) are **GRANTED**. Plaintiff's Second Amended Complaint is **DISMISSED with PREJUDICE**; Plaintiff's Motion for Temporary Restraining Order (Doc. 87) is **DENIED**; and Plaintiff's Motions for Summary Judgment and Recusal (Docs. 80, 81), Motion for an Extension of Time to Serve Defendant, and Motion for Court Ordered Summons and Service on same (Docs. 84, 86) are **TERMINATED as MOOT**.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

**IT IS SO ORDERED.**

**DATED:  November 28, 2022**

**STACI M. YANDLE**
**United States District Judge**